## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ZULMA COLON,

              Plaintiff,

v.

BARCLAYS BANK DELAWARE,

              Defendant.

**Case No.**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. TCPA, 47 U.S.C. §227
2. FCCPA, Fla. Stat. §559.55 *et seq*.
3. Invasion of Privacy - Intrusion Upon Seclusion

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Zulma Colon ("Zulma"), by and through her attorneys, alleges the following against Barclays Bank Delaware ("Barclays"):

## INTRODUCTION

1. Count I of Zulma's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Zulma's Complaint is based upon the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §559.55 *et seq*. The FCCPA is a

Florida statute that regulates the collection of debts within the state by debt collectors and original creditors. The FCCPA provides relief additional to the TCPA.

3.      Count III of Zulma's Complaint is based upon the tort of Invasion of Privacy - Intrusion upon Seclusion, as defined on §652B of the Restatement (Second) of Torts. Section 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns . . . that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

4.      Jurisdiction of the court arises under 28 U.S.C. §§1331, 1332, 1367, 47 U.S.C. §227.

5.      Diversity jurisdiction is established under 28 U.S.C. §1332 as the matter in controversy exceeds $75,000.00; Zulma is a citizen of Florida, and Barclays is a citizen of Delaware.

6.      Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

7.      Defendant transacts business here; therefore, personal jurisdiction is established.

## PARTIES

8.      Zulma is a natural person residing in Spring Hill, Hernando County, Florida.

*Colon v. Barclays Bank Delaware*
*Complaint and Demand for Jury Trial*

9.     Zulma is a "consumer" as defined by Fla. Stat. §559.55(8).

10.    The alleged debt is a "consumer debt" as defined by §559.55(6).

11.    Barclays is a financial institution with its principal place of business located at 125 South West Street, Wilmington, Delaware 19801.

12.    Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13.    Barclays is attempting to collect a debt from Zulma. The debt arose out of a transaction in which the money, property, insurance, or services which were the subject of the transaction were primarily for personal, family, or household purposes.

14.    In or around June 2018, Barclays began calling Zulma at her cellular telephone number, ending in 2651.

15.    The calls originated from the following phone number: (866) 408-4070; (866) 456-0677; and (866) 456-0695.

16.    Upon information and belief, these numbers are owned and/or operated by Barclays.

17.    On or about June 12, 2018, at approximately 2:54 pm, Zulma called Barclays.

18.    After properly identifying herself, Zulma spoke with a Barclays'

representative.

19.     During this call, Zulma informed the Barclay's representative that she was going through financial difficulties resulting from having lost her job in and being unemployed since June of 2017, and because of that she did not have money to pay at that time. Zulma unequivocally revoked consent by clearly instructing the representative to not call her any further.

20.     Despite Zulma's revocation of consent to be called, Barclays continued to place incessant phone calls to Zulma's cellular phone.

21.     Between June 12, 2018 and September 15, 2018, Zulma received no less than **TWO HUNDRED** (200) calls from Barclays on her cellular phone after having revoked consent.

22.     On several occasions, Barclays called Zulma multiple times a day, and even as many as five (5) times in one day.

23.     On several occasions, Barclays called Zulma on the weekend.

24.     Barclays called Zulma virtually every single day for three months.

25.     Barclays called Zulma at about the same time multiple days in a row.

26.     The timing, number and pattern of Barclays' calls to Zulma are consistent with the use of an automated telephone dialing system.

27.     On July 24, 2019, in response to varying district court opinions, the US House of Representatives passed H.R. 3375 by a vote of 429-3. The House intended

to clear up any ambiguity with the TCPA and made it clear that the TCPA covers systems that call consumers from a stored list.

28.     H.R. 3375 further clarified that a consumer may revoke consent, even consent given in a contract.

29.     Barclays is familiar with the TCPA and FCCPA.

30.     In or around August of 2018, Zulma received a letter from Mercury Card Services informing her that her account with Barclays had been sold and was being converted on September 24, 2018, to an account issued by First Bank & Trust, Brookings SD.

31.     Upon information and belief, Barclays intentionally called Zulma in the manner described in order to induce such stress on Zulma so that she would do and pay anything in order for the calls to stop.

32.     Upon information and belief, Barclays not only called Zulma, but called other people Barclays believed would talk to Zulma about paying her alleged debt to Barclays, in order to embarrass Zulma and pressure her into paying Barclays.

33.     Upon information and belief, Barclays design was to collect from Zulma before the account was transferred to First Bank & Trust.

34.     The frequency and methodology of Barclays' calls could reasonably be expected to harass Zulma.

35.     Barclays' intrusion upon Zulma's seclusion was highly offensive to the

*Colon v. Barclays Bank Delaware*
Complaint and Demand for Jury Trial

reasonable person.

36.    Barclays' intrusion upon Zulma's seclusion was oppressive and outrageous, and exceeded reasonable collection efforts. Barclays' collection attempts were highly disproportionate to the amount allegedly owed by Zulma, of approximately $1,500.

37.    Each and every one of Barclays' telephone calls caused Zulma distraction and temporary loss of use of her telephone line.

38.    Each and every one of Barclays' telephone calls alerted people that Zulma was receiving an unusual amount of calls, embarrassing Zulma.

39.    Zulma works as a Special Education Teacher and is in charge of children with special needs. Zulma's job responsibilities require that she be constantly alert and available to address job emergencies. A good number of Barclays' calls would be received during her work hours. Barclays' constant calling and harassment interfered with Zulma's capacity to concentrate and stay alert, and jeopardized her job.

40.    As a result of Barclays' conduct, Zulma has sustained actual damages, including but not limited to, extreme emotional distress, stress, anxiety, embarrassment, emotional and mental pain, anguish, headaches, and sleepless nights.

41.    Zulma also suffers from high blood pressure and depression, and takes medication for both illnesses. Barclays' conduct has exacerbated those conditions.

*Colon v. Barclays Bank Delaware*
Complaint and Demand for Jury Trial

## COUNT I
### Violations of the TCPA, 47 U.S.C. §227

42.     Zulma incorporates the foregoing paragraphs as though the same were set forth at length herein.

43.     Barclays violated the TCPA. Barclays' violations include, but are not limited to the following:

   a.  Within four years prior to the filing of this action, on multiple occasions, Barclays violated TCPA 47 U.S.C. §227 (b)(1)(A)(iii) which states in pertinent part, "[i]t shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call."

   b.  Within four years prior to the filing of this action, on multiple occasions Barclays willfully and/or knowingly contacted Zulma at her cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and, as such, Barclays knowingly and/or willfully violated the TCPA.

44.     As a result of Barclays' violations of 47 U.S.C. §227, Zulma is entitled

*Colon v. Barclays Bank Delaware*
Complaint and Demand for Jury Trial

to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B). If the Court finds that Barclays knowingly and/or willfully violated the TCPA, Zulma is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. §§227(b)(3)(B), (C).

## COUNT II
### Violations of the FCCPA, Fla. Stat. §559.55 *et seq.*

45.    Zulma incorporates the foregoing paragraphs as though the same were set forth at length herein.

46.    Barclays violated §559.72 of the FCCPA. Barclays violations include, but are not limited to the following:

a.    "Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family." Fla. Stat. §559.72(7).

47.    Barclays willfully called Zulma with such frequency and methodology as can reasonably be expected to abuse and harass Zulma.

48.    As a result of Barclays' violations of Fla. Stat. §559.72, Zulma is entitled to an award of actual damages and statutory damages of one thousand dollars ($1,000.00), for each and every violation, pursuant to Fla. Stat. §559.77(2). The Court

*Colon v. Barclays Bank Delaware*
Complaint and Demand for Jury Trial

may award additional statutory damages by considering the nature of Barclays' noncompliance with §559.72, the frequency and persistence of the noncompliance, and the extent to which the noncompliance was intentional. Section 559.77(2) expressly authorizes the Court to award Zulma punitive damages.

<u>**COUNT III**</u>
**Barclays' Invasion of Zulma's Privacy**

49.     Zulma incorporates the foregoing paragraphs as though the same were set forth at length herein.

50.     Restatement of the Law, Second, Torts, §652B defines intrusion upon seclusion as "[o]ne who intentionally intrudes . . . upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person".

51.     Barclays violated Zulma's privacy. Barclays' violations include, but are not limited to, the following:

    a.  Barclays intentionally intruded, physically or otherwise, upon Zulma's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite Zulma having requested that Barclays cease making calls to her cellular phone.

    b.  The number and frequency of the telephone calls to Zulma by Barclays constitute an intrusion on Zulma's privacy and solitude.

    c.  Barclays' conduct would be highly offensive to a reasonable person as

*Colon v. Barclays Bank Delaware*
*Complaint and Demand for Jury Trial*

Zulma received calls that caused distraction at work and temporary loss of use of her cellular telephone line, anxiety, annoyance and embarrassment.

d.  Barclays' acts, as described above, were done intentionally with the purpose of abusing and harassing Zulma to pay the alleged debt.

e.  Barclays' conduct constitutes abuse and harassment, and exceeded reasonable collection efforts.

52.  As a result of Barclays' violations of Zulma's privacy, Barclays is liable to Zulma for actual damages. If the Court finds that the conduct is found to be egregious, Zulma may recover punitive damages.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Zulma hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Zulma Colon respectfully requests judgment be entered against Barclays for the following:

A.  Declaratory judgment that Barclays violated the TCPA and FCCPA;

B.  Statutory damages against Barclays pursuant to 47 U.S.C. §§227(b)(3)(B), (C);

C.  Actual, statutory and punitive damages against Barclays pursuant to Fla.

*Colon v. Barclays Bank Delaware*
Complaint and Demand for Jury Trial

Stat. §559.77(2);

D.      Actual and punitive damages against Barclays for intrusion upon Zulma's seclusion;

E.      Attorneys' fees and court costs pursuant to Fla. Stat. §559.77(2);

F.      Awarding Zulma any pre-judgment and post-judgment interest as may be allowed under the law; and

G.      Any other relief that this Court deems appropriate.

RESPECTFULLY SUBMITTED,

Dated:  February 19, 2020

By: */s/ Santiago J Teran*
Santiago J Teran
FL #1018985
Price Law Group, APC
1001 N Federal Hwy, Ste 349
Hallandale, FL 33009
T: (818) 600-5586
F: (818) 600-5486
E: santiago@pricelawgroup.com
*Attorneys for Plaintiff,*
*Zulma Colon*

*Colon v. Barclays Bank Delaware*
Complaint and Demand for Jury Trial